No. 2405.—H. P. LAMAYER v. LAURENT UTER et al.

A proposition to extend the time of payment of a promissory note, unaccepted by the maker, will not discharge the indorser.

APPEAL from Seventh District Court, parish of Orleans. *Collens, J.* *Roselius & Philips*, for plaintiff and appellee. *Duvigneaud & Tissot*, for defendant and appellant.

HOWE, J. The defendant, appellant, was sued as indorser of a promissory note. His defense is, that he has been discharged by an extension of time or indulgence granted without his consent to the maker by the plaintiff.

The evidence shows that the plaintiff merely consented to grant the maker a respite, provided that all his creditors would do the same.

This was the condition on which the proposed extension was based, and it never having been complied with, the respite never was granted. The plaintiff's right of action was never suspended, and the indorser might at any time have paid the note, and pursued the maker. The case differs widely from that of Gustine *v.* the Union Bank, 10 Rob. 412, cited by appellant. In that case, the agreement by the holder was such as to release the accommodation indorser, and having been once executed it was held that its rescission did not revive the right of action against the indorser.

The appellee has prayed for damages for frivolous appeal, and they must be granted.

It is therefore ordered that the judgment appealed from be affirmed, with costs, and with five per centum damages for frivolous appeal.

Rehearing refused.